**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT J. GRODEN,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:03-CV-1685-D** |
| | ) | |
| **JACKIE DIANE ALLEN, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and Orders of Reference dated January 12, 2009, and January 30, 2009, before the Court for determination or recommendation are the following motions:

1. *Defendant Tobias' Motion for Contempt and Final Judgment Relief Against Defendant Diane Allen, Plaintiff Robert Gorden [sic], and his Attorney Brad Kizzia,* filed January 9, 2009 (doc. 501);

2. *Plaintiff's Motion to Strike Defendant Tobias' Motion for Contempt,* filed January 29, 2009 (doc. 504);

3. *Defendant Tobias' Motion for Leave to Supplement and Ammend [sic] and Time Extension to File Reply to Plaintiff's Response to Defendant Tobias' Motion for Contempt and Final Judgment Relief Against Defendant Diane Allen, Plaintiff Robert Gorden [sic], and his Attorney Brad Kizzia,* filed February 13, 2009 (doc. 509); and

4. *Defendant Tobias' Motion for Time Extension to File Reply to Plaintiff's Response to Defendant Tobias' Motion for Contempt and Final Judgment Relief Against Defendant Diane Allen, Plaintiff Robert Gorden [sic], and his Attorney Brad Kizzia,* filed February 13, 2009 (doc. 510).

Based on the motions, responsive filings, and applicable law, Defendant's motion for contempt (doc. 501) should be **DENIED**.  Plaintiff's motion to strike (doc. 504) and Defendant's motion for extension of time (doc. 510) are **DENIED**, and Defendant's motion for leave to supplement is **GRANTED** (doc. 509).

# I. BACKGROUND[1]

Plaintiff filed this action in July 2003, alleging that defendants had infringed his copyrights and defamed him.  After a seven-day trial, a jury entered a verdict for Plaintiff.  On June 22, 2004, the Court entered final judgment against defendants Jackie Allen ("Allen") and Richard Tobias ("Tobias").  Defendants appealed, and the Fifth Circuit Court of Appeals dismissed the appeals for want of prosecution on April 5, 2005.  *See Groden v. Allen*, No. 04-10872, slip op. at 1 (5th Cir. Apr. 5, 2004).  The Fifth Circuit reinstated both appeals in June 2005 with the Tobias appeal proceeding separately under Cause No. 04-10873.

On July 27, 2006, the Fifth Circuit Court of Appeals denied a request by Tobias to proceed *in forma pauperis* on appeal of  a denial of a motion for access to exhibits.  *See Groden v. Allen*, No. 06-10366, slip op. at 1 (5th Cir. July 27, 2006).  The Circuit found the motion and appeal frivolous, noted prior sanctions against Tobias, and ordered him to pay $500 in sanctions.  *Id.* at 1-2.  It barred him from filing additional documents "in any court subject to this court's jurisdiction" until Tobias paid that sanction in full.  It also ordered:

> Any submissions that do not show proof that the sanction has been paid will be neither addressed nor acknowledged.  Upon proof that the sanction has been paid, Tobias is required to seek advance written permission of a judge of the forum court before filing any pro se, in forma pauperis, civil appeal, or any pro se, in forma pauperis, initial civil pleading.

*Id.* at 2.  It directed that clerks of this district "return to Tobias, unfiled, any attempted submission inconsistent with this bar", and warned him that "any future frivolous or repetitive filings . . . will subject him to additional sanctions."  *Id.* at 2-3.  Tobias paid the $500 sanction on November 3, 2006.

---

[1]  The background section is limited to the information necessary to provide context for the motion for contempt.

2

On January 5, 2007, the Fifth Circuit Court of Appeals dismissed Tobias' original appeal for want of prosecution. *See Groden v. Allen*, No. 04-10873, slip op. at 1 (5th Cir. Jan. 5, 2007). On January 29, 2007, the Fifth Circuit denied a request by Tobias to proceed *in forma pauperis* on appeal of the denial of fourteen post-judgment motions. *See Groden v. Allen*, 236 Fed. App'x 884, 884 (5th Cir. 2007) (per curiam) (Appellate Cause No. 06-10021). The court found the motion and appeal frivolous, noted prior sanctions against Tobias, and again ordered him to pay $500 in sanctions. *Id.* at 1-2. It also imposed the same bars, restrictions, and sanctions that it imposed in its July 2006 order. *Id.* at 1-3.

On January 3, 2008, the Fifth Circuit affirmed the judgment entered against Allen but vacated the exemplary damages award as applied to her because it determined that the trial court had given an erroneous jury instruction regarding such damages, and because "Groden consented to waive exemplary damages in the event that [the court of appeals] determined the instruction was given in error." *See Groden v. Allen*, 279 Fed. App'x 290, 295 (5th Cir. 2008) (per curiam) (Appellate Cause No. 04-10872). Consistent with the remand order, the district court entered an amended final judgment on March 12, 2008. (*See* Am. Judgment, doc. 492.)

On January 9, 2009, Tobias paid the second $500 sanction and filed his motion for contempt and for relief from judgment. On January 29, 2009, Plaintiff moved to strike the motion for contempt and filed a separate response to the motion. On February 13, 2009, Tobias filed two procedural motions and a response to the motion to strike. He also submitted his reply to Plaintiff's response to his motion for contempt and final judgment relief. On February 23, 2009, he submitted a supplement to that reply. Neither the reply nor the supplement has yet been filed in this action due to the pendency of the two procedural motions.

## II.  PROCEDURAL MOTIONS

By his first motion (doc. 509), Tobias seeks a one-week extension of time to file a supplement or amendment to his reply brief due to illness, indigence, and limited research abilities. The Court finds good cause for the one-week extension, *see* Fed. R. Civ. P. 6(b), and the motion for leave to supplement or amend is **GRANTED**.  The Clerk of the Court shall docket *Defendant Tobias' Supplement to Reply Plaintiff's Response to Defendant Tobias' Motion for Contempt* as filed on February 23, 2009, the date it was received.

By the second procedural motion (doc. 510), Tobias seeks a one-week extension of time to file a reply brief regarding his motion for contempt and for relief from judgment.  Because Tobias tendered a reply brief to the Court on February 13, 2009, the motion for extension is **DENIED** as unnecessary and moot.  The Clerk of the Court shall docket *Defendant Tobias' Reply Plaintiff's Response to Defendant Tobias' Motion for Contempt* as filed on February 13, 2009, the date it was received.

## III.  MOTION TO STRIKE

Plaintiff moves to strike the motion for contempt and for relief from judgment filed by Tobias on grounds that (1) it is an untimely challenge to the final judgment entered in this case on June 22, 2004; (2) Tobias failed to obtain judicial pre-approval before filing it as required by sanctions imposed against him; and (3) the motion is legally defective and frivolous.

Plaintiff provides no statutory or other authority for his motion to strike.  As amended in December 2007, Fed. R. Civ. P. 12(f) grants the Court discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, this rule does not permit the Court to strike motions or matters within them because the rule applies only to

4

pleadings.  *See Shah v. Chertoff*, No. 3:05-CV-1608-BH, 2007 WL 2948362, at *5 (N.D. Tex. Oct.

10, 2007).  Rule 7(a) of the Federal Rules of Civil Procedure defines "pleading" for purposes of Rule

12(f), and limits the term to a complaint; third-party complaint; answer to a complaint, counterclaim,

crossclaim, or third-party complaint; and, if ordered by the court, a reply to an answer.  Moreover,

Rule 12(f) motions "are viewed with disfavor" and courts should grant them "only when the plead-

ing to be stricken has no possible relation to the controversy."  *Florance v. Buchmeyer*, 500 F. Supp.

2d  618, 645 (N.D. Tex. 2007) (citations omitted), *appeal dismissed*, 258 Fed. App'x 702 (5th Cir.

2007), and *cert. denied*, 128 S. Ct. 2905 (2008).  Plaintiff does not seek to strike a pleading within

the meaning of Rule 12(f), and the motion sought to be stricken – even if construed as a pleading

– has a definite relation to this case.  Rule 12(f) provides no basis for striking the motion.

Although the motion for contempt does not identify the specific judgment challenged, the

substance of the motion makes clear that Tobias is challenging an amended judgment entered in this

action in March 2008.  The prior sanctions imposed against Tobias also provide no basis to strike

the motion because Tobias was not precluded from filing documents in this action after paying the

monetary sanctions.  Whether the motion for contempt and relief from judgment is untimely,

frivolous, or legally defective goes to the merits of the motion, and not whether it should be struck

without consideration.  Plaintiff's motion to strike is **DENIED**.

## IV.  MOTION FOR CONTEMPT AND FINAL JUDGMENT RELIEF

Nearly ten months after the Court entered an amended final judgment in this case, and more

than a year after the Fifth Circuit Court of Appeals remanded this case for further proceedings

consistent with its January 3, 2008 order, Defendant Tobias filed his motion for contempt and final

judgment relief.[2]  He seeks relief under the Court's contempt powers, Fed. R. Civ. P. 60, and "any other law permitting him relief and justice for the damages and injury" set out in his motion.

## A.  <u>Contempt</u>

Tobias asks the Court to find Allen to be in contempt of court.  (Mot. Contempt & Final J. Relief at 1-2.)  In the first ground for relief,[3] he alleges that Allen's failure to file trial exhibits on appeal violates a direct order of the Court at trial, and that her retention of copies of certain books is prohibited by the judgment entered in this case.  (*Id.*)  In the third ground for relief, he alleges that Allen is in contempt because she has retained certain items despite the judgment entered in this case. (*Id.* at 3-4.)

The federal "courts have inherent power to enforce compliance with their lawful orders through civil contempt."  *Shillitani v. United States*, 384 U.S. 364, 370 (1966).  "A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order."  *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).  "The evidence must be so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case."  *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005) (citation and internal quotation marks omitted).  If a court finds a party to be in contempt for a failure to comply with a court order, it "has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process."  *Id.*  However, the courts' discretion is limited to using the "least possible

---

[2]  Tobias unsuccessfully attempted to file the motion in December 2008 due to the sanctions imposed against him.  The delay caused by that unsuccessful attempt makes no difference to the ruling on his motion.

[3]  Tobias separates his motion into six sections, which the Court refers to as grounds for relief.

power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (citation omitted).

Through his motion, Tobias seeks to enforce the Court's orders that he and his co-defendant turn over certain items to Plaintiff as part of the final judgment in this case. He also seeks to enforce the following "order" given at the end of trial: "The plaintiff needs to take possession of the plaintiff's exhibits and the defendants the defendant's exhibits in case of an appeal in this case."

Tobias provides no clear and convincing evidence to carry his burden to show that Allen should be held in contempt. The "order" given at the end of trial with respect to the trial exhibits did not require certain conduct by Allen. As for order to turn over certain items to Plaintiff, a significant question exists as to whether Tobias has standing to enforce such orders through contempt proceedings. *See Allen v. Wright*, 468 U.S. 737, 751 (1984) (recognizing that the standing doctrine includes "the general prohibition on a litigant's raising another person's legal rights"). Even if Tobias has standing to enforce such orders, however, he has not shown sufficient reason to hold Allen in contempt, and his motion should be denied.

## B. Rule 60

In his fifth ground for relief, Tobias seeks relief under Fed. R. Civ. P. 60 from the award of punitive damages against him. (Mot. Contempt & Final J. Relief at 5.) He also alleges in his sixth ground for relief that Plaintiff committed fraud on the court and asks the Court to vacate the judgment and jail Plaintiff and his attorney for 181 days. (*Id.* at 5-7.)

### 1. *Rule 60(b)*

Although Tobias fails to identify the specific provision of Rule 60 that he relies upon, his fifth ground for relief clearly relies on subsection (b). It provides that "the court may relieve a party

or a party's legal representative from a final judgment, order, or proceeding" for

> (1) "mistake, inadvertence, surprise, or excusable neglect;"

> (2) newly discovered evidence;

> (3) fraud, misrepresentation, or other misconduct of an adverse party;

> (4) "the judgment is void;"

> (5) "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;" or

> (6) "any other reason that justifies relief".

The party seeking Rule 60(b) relief has the burden to establish "at least one of the Rule 60(b) requirements . . . and a determination of whether that burden has been met rests within the discretion of the court." *Heath v. Thomas*, No. 3:99-CV-2277-D, 2007 WL 2229056, at *2 (N.D. Tex. July 31, 2007) (citing *Lavespere v. Niagra Mach.& Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc)). Nevertheless, " it goes without saying that a Rule 60 motion is not a substitute for an appeal from the underlying judgment." *Travelers Ins. Co. v. Liljeberq Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994); *accord Ackermann v. United States*, 340 U.S. 193, 199-200 (1950) (finding Rule 60(b)(6) not available when the movant had voluntarily, deliberately, and freely chose not to appeal); *Fackelman v. Bell*, 564 F.2d 734, 737 (5th Cir. 1977) (recognizing that a Rule 60(b) motion "is not a substitute for appeal, and it is ordinarily not available to one who fails to appeal"). *But see Klapprott v. United States*, 335 U.S. 601, 615 (finding Rule 60(b)(6) available upon a showing of "extraordinary circumstances" despite a failure to appeal).

Before considering whether circumstances justify relief under Rule 60(b), the courts first

consider the timeliness of a filed Rule 60(b) motion. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287-88 (5th Cir. 1985). A party must seek relief under Rule 60(b) "within a reasonable time", and for the first three stated reasons "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). What constitutes a "reasonable time" depends on the facts of the case, "taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Travelers Ins. Co.*, 38 F.3d at 1410 (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)). When the moving party has failed to appeal the judgment challenged in the Rule 60(b) motion, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60(b)." *Pryor*, 769 F.2d at 288. In such cases, a Rule 60(b) motion filed after the time for appeal has lapsed is untimely unless the moving party shows good cause for the later filing. *Id.*

The courts evaluate whether there is good cause "on a case-by-case basis." *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). "What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir.1996) (discussing good cause in context of Fed. R. Civ. P. 4(m)). In the Rule 60(b) context, "good cause" does not necessarily rise to the level of excusable neglect. *See In re Osborne*, 379 F.3d at 283-84 (finding no excusable neglect but finding good cause for the delayed Rule 60(b) filing under *Pryor*'s good-cause requirement because of the existence of "highly exceptional" circumstances).

In this case, Tobias has filed and pursued numerous appeals. However, his appeal of the 2004 judgment was dismissed for lack of prosecution because he failed to timely file a sufficient

brief and record excerpts. *See Groden v. Allen*, No. 04-10873, slip op. at 1 (5th Cir. Jan. 5, 2007). In addition, he did not appeal the amended judgment entered in March 2008. Although he attempted to file the present motion on December 31, 2008, it was returned unfiled due to sanctions that the Fifth Circuit Court of Appeals had imposed against him. (*See* Reply at 3.) On January 9, 2009, Tobias paid the $500 sanction which precluded the attempted December 31, 2008 filing, and filed the motion now before the Court. Because Tobias filed the motion instead of appealing the amended judgment, he must show good cause for not filing the motion within the time for appeal.

Although he alleges in his motion that "Allen failed to file a Rule 60(b) motion as contracted with [him] shortly after the appeal judgment" and that he could not have succeeded on any Rule 60(b) motion filed before the original district judge (Mot. Contempt & Final J. Relief at 5), he shows no good cause for his failure to file his Rule 60(b) motion or a notice of appeal within the deadline for appeal. The amended judgment was entered March 12, 2008, (*see* doc. 492), and the time to appeal from that judgment expired thirty days later, *see* Fed. R. App. P. 4(a)(1)(A), because no party filed a post-judgment motion which tolled the time for appeal. Tobias primarily explains the delayed filing by pointing to the "great hardship" caused by the sanctions imposed by the Fifth Circuit. (*See* Reply at 3-4.) He argues that the $500 sanction "acted as a total bar preventing [him] from seeking any relief thus stopping the tolling of limitations for Rule 60." (*See id.* at 3.) A party cannot engage in sanctionable conduct and then argue that imposed sanctions provide good cause for delay, however. Although the court of appeals sanctioned Tobias and such sanctions may have hindered his ability to appeal or file his Rule 60(b) motion, Tobias is responsible for his own actions which culminated with the imposed sanctions. Consequently, Tobias is entirely responsible for the delay. Tobias made no attempt to file his motion until December 2008 – well after the time for

appeal had expired – even though he knew the factual bases for his motion before the Court entered the amended judgment.

Under the circumstances of this case, Tobias has shown no good cause for filing his Rule 60(b) motion outside the time for appeal.[4]  He thus did not file it within a reasonable time as required by Rule 60(c).  Because the courts need not consider the merits of an untimely Rule 60(b) motion, the Court should deny Tobias' motion.

### 2. *Rule 60(d)(3)*

In his sixth ground for relief, Tobias contends that he is entitled to Rule 60 relief because Plaintiff has committed a fraud on the Court.  (Mot. Contempt & Final J. Relief at 5-7.)

Although not expressly invoked, Tobias' his sixth ground appears to be predicated on Rule 60(d)(3).[5]  Rule 60(d)(3) permits the courts to "set aside a judgment for fraud on the court."  A Rule 60 motion for fraud on the court may be brought at any time.  *See Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989).  However, relief is "reserved for only the most egregious misconduct, and requires a showing of an unconscionable plan or scheme which is designed to improperly influence the court in its decision."  *Id.*  "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."  *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).  Lesser misconduct, "such as nondisclosure to the court

---

[4]  Because Tobias has not shown good cause for filing his Rule 60(b) motion outside the time for appeal, he has necessarily not made the more difficult showing of "extraordinary circumstances" within the meaning of *Klapprott* to obtain relief under Rule 60(b)(6).  Although the circumstances here are not as clear cut as in *Ackermann*, the circumstances nevertheless do not rise to the level of "extraordinary circumstances" envisioned in *Klapprott*.

[5]  Through amendment effective December 2007, Rule 60(d)(3) was created from the former "fraud upon the court" provision contained in the next to last sentence of Rule 60(b).  As set out in the advisory committee notes regarding the 2007 amendments, the change was intended to be stylistic only.

of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Id.* The concept of fraud on the court is narrow, and only covers "the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Wilson*, 873 F.2d at 872 (citation omitted).

Tobias characterizes the actions of Plaintiff as fraud on the court because he disagrees with the outcome at trial; he alleges that Plaintiff is a "habitual liar" and lied to the Court and the jury. (Mot. Contempt & Final J. Relief at 5-7.) In his reply brief, he states that Plaintiff violated verbal agreements, has no respect for his word, and committed multiple perjuries. (Reply at 8-14.) He also states that Plaintiff's attorney lied to the Court about paying for copying expenses related to a discovery dispute in this case. (*Id.* at 9-10.) In his supplement to his reply, he states that the alleged fraud on the court "is based on multiple perjuries in many documents and Groden's mental problems and delusions and basic criminal mind and intent." (Supp. Reply at 1.) Tobias makes no allegation, however, that equates to fraud on the court. As aptly stated by the Seventh Circuit:

> A lie uttered in court is not a fraud on the liar's opponent if the opponent knows it's a lie yet fails to point this out to the court. If the court through irremediable obtuseness refuses to disregard the lie, the party has . . . a remedy by way of appeal. Otherwise "fraud on the court" would become an open sesame to collateral attacks, unlimited as to the time within which they can be made by virtue of the express provision in Rule 60(b) on this matter, on civil judgments.

*Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.*, 127 F.3d 574, 578 (7th Cir. 1997).

Tobias has shown no fraud on the court within the meaning of Fed. R. Civ. P. 60(d)(3), the motion should be denied.

## C.  **Other Relief**

In his first through fourth grounds for relief, Tobias also seeks relief that is unavailable under

Rule 60 or through the contempt powers of the Court.  Based on Allen's alleged failures to provide material on appeal and to comply with prior orders of this Court, Tobias seeks to have the Court reassign all financial damages set out in the judgment to her.  (Mot. Contempt & Final J. Relief at 1-4.)  He also requests that the Court assess all damages for the copyright violations and defamation found by the jury against Allen because she is entirely responsible for the violations and defamation. (*Id.* at 2, 5.)  The latter requests merely exhibit movant's disagreement with the jury verdict and the liability stemming from such verdict.  Tobias presents no legal basis to assess all damages to Allen, however.  Consequently, the Court should find that Tobias is not entitled to the "other relief" that he seeks outside of Rule 60 and the Court's contempt powers, and it  should deny his motion to the extent it seeks such other relief.

## V.  SANCTIONS

The grounds for relief in Tobias' motion are untimely, lacking in merit, or both.  In light of his litigiousness and the Fifth Circuit's warning about additional sanctions should Tobias pursue future frivolous or repetitive filings, consideration of the propriety of additional sanctions is appropriate.

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices."  *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded

court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

In this case, monetary sanctions have been ineffective, and Tobias asserts that he is destitute and unable to pay monetary sanctions without extreme hardship. The Fifth Circuit's broad, non-monetary sanctions continue in effect but appear insufficient to stem the flow of baseless filings in this Court. Because Tobias has paid the monetary sanctions imposed against him, he is currently required to (1) show proof of such payment and (2) "seek advance written permission of a judge of the forum court before filing any pro se, in forma pauperis, civil appeal, or any pro se, in forma pauperis, initial civil pleading." The Court should extend the written permission requirement to apply to all filings, whether an initial pleading or not. It should also direct the Clerk of the Court to return to Tobias, unfiled, any attempted submission that is not accompanied by (1) a separate proof of payment of the two prior sanctions imposed by the Fifth Circuit, and (2) a separate "Motion for Leave to File" that states why Tobias wishes to file the document.

## VI.  RECOMMENDATION

The District Court should **DENY** *Defendant Tobias' Motion for Contempt and Final Judgment Relief Against Defendant Diane Allen, Plaintiff Robert Gorden [sic], and his Attorney Brad Kizzia* (doc. 501), and **SANCTION** Defendant Richard Tobias.

**SIGNED this 31st day of March, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

15